**THE BANK OF NOVA SCOTIA, Plaintiff**

**v.**

**ELMO THOMAS and LINDA THOMAS, Defendants**

Civil No. 2004-157

District Court of the Virgin Islands

Division of St. Thomas and St. John

June 26, 2008

MATTHEW J. DUENSING, ESQ., St. Thomas, U.S.V.I., *For the Plaintiff.*

ELMO THOMAS, *Pro se defendant.*

LINDA THOMAS, *Pro se defendant.*

GÓMEZ, *Chief Judge*

## JUDGMENT

(June 26, 2008)

The plaintiff in this matter, The Bank of Nova Scotia ("BNS"), commenced this debt and foreclosure action in November, 2004 against the pro se defendants, Elmo Thomas and Linda Thomas (the "Defendants"). The Defendants failed to answer or otherwise plead. The Clerk of Court entered defaults against the Defendants in August, 2005. BNS now moves for default judgment against the Defendants. The Court has reviewed the motion and supporting materials, and finds:

1. The Defendants own certain real property known as Parcel No. 2E-50A Estate Caret Bay, Plot No. 10, No. 8 Little Northside Quarter, St. Thomas, U.S. Virgin Islands (the "Property").

2.    On or about May 12, 1994, the Defendants executed a mortgage note (the "Note"), in which they jointly and severally promised to repay BNS the principal sum of $139,000, together with interest at the rate of 10.25% per annum, in equal consecutive monthly installments of $1,287.67. The Note provides further that it shall become due and payable in its entirety, without notice, by reason of default in the payment of interest or principal when due, as well as any other default thereunder.

3.    The repayment of the Defendants' indebtedness to BNS, including any and all sums that they at any time and for any reason may become indebted to BNS, is secured by a first priority mortgage (the "Mortgage") originally executed from Defendants to BNS on May 12, 1994, in the principal amount of $139,000 from the Defendants to BNS. The Mortgage was recorded at the Office of the Recorder of Deeds for St. Thomas and St. John on May 12, 1994, in Book 42-X Page 454, Doc. No. 2672. The Mortgage covers the Property.

4.    [1] The Defendants have failed to comply with the terms and conditions of the Note and Mortgage and are in default under those instruments for failing to pay principal and interest when due.

5.    BNS, pursuant to the terms and conditions of the Note and Mortgage, has elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, and therefore, commenced this action for debt and foreclosure. The Defendants owe BNS the principal sum of $119,968.78, through April 28, 2008, plus further interest accruing at the rate of $17.65 per diem until the date of judgment, with interest continuing at the statutory rate thereafter.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that BNS's motion for default judgment against the Defendants is **GRANTED;** it is further

**ORDERED** that BNS shall recover from the Defendants the sum of $119,968.78, through April 28, 2008, plus further interest accruing at the rate of $17.65 per diem until the date of judgment, with interest continuing at the statutory rate thereafter; and it is further

**ORDERED** that BNS' lien against the Property shall be foreclosed and the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses

associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to title 28, section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of BNS, including any costs and attorneys' fees that may be awarded upon application and any sums that may be paid by BNS for insurance premiums, taxes and expenditures necessary to maintain the Property pending sale, with interest from the date of any such payment. The surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the Defendants; it is further

**ORDERED** that:

1. Pursuant to title 5, section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Properties as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:
   a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.
   b. BNS may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.
   c. The terms of sale as to all other persons or parties bidding shall be cash.
   d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of said purchase prices to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

1103

■ ■ ■

e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. BNS shall have any and all writs necessary to execute the terms of this Judgment; it is further

4. The Defendants shall be liable to BNS for any deficiency remaining after the sale of the Property; and it is further

**ORDERED** that the Court will retain jurisdiction to enforce the terms of this Judgment; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.